132

(No. 31338.

Ivol E. Brust *et al.*, Appellees, *vs.* Mary Brust, formerly Mary Kalman, Appellant.

*Opinion filed January 18, 1950.*

E. M. DAVIS, and JOHN A. BERRY, both of Streator, for appellant.

STEVENS R. BAKER, of Pontiac, for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Defendant appeals directly to this court from a decree of the circuit court of Livingston County directing her to convey certain real estate to plaintiffs in accordance with the terms of a contract to make a will.

The evidence discloses that on September 12, 1938, one Henry Brust was the owner of a tract of farm land subject to a mortgage securing an indebtedness of $7,840. On that day he caused a form of contract to be prepared, reciting that he finds it impossible to make payments on the mortgage indebtedness and is in danger of losing the farm by foreclosure, that his son and daughter-in-law, plaintiffs herein, agree to make the payments of principal as they fall due during the lives of Henry Brust and his wife, Maggie, or the survivor, and that in consideration thereof Henry Brust agrees to and does make his will devising the premises to his son and daughter-in-law after the death of Henry Brust and Maggie Brust. On the same day he made a will so providing, and a few days later the contract was executed under seal by both

parties. Prior to signing the contract the son expressed an uncertainty as to whether the contract would be valid, and asked his father to give him notes for the payments as he made them. This was satisfactory to the father, and the son then signed the contract. Payments aggregating about $900 were subsequently made by the son to the mortgagee, and the father delivered his note to the son for each payment as it was made.

Henry Brust's wife Maggie died in 1938. In May, 1940, he became acquainted with defendant, and about a month thereafter they were engaged to be married. In June of that year Henry began negotiating with his son to pay him money for a surrender of the contract. He made successive offers of $500, $1000 and $1500, all of which were refused. The son insisted that if he would surrender the contract at all he would also want payment of certain prior indebtedness, unrelated to the contract. On July 22 the son wrote a letter to his father stating that "the total amount you owe me is $2080.72." That figure included the payments the son had made on the mortgage with interest thereon. The letter further contained an offer to return the notes and contract upon receipt of that sum. However, the son later refused to surrender the contract on those terms.

On August 20, 1940, Henry Brust caused title to the property to be placed in himself and defendant as joint tenants, and the following month he revoked his will. On August 20, 1945, four months prior to his death, he and defendant were married. On Henry's death title to the property vested in defendant as surviving joint tenant, and the son and his wife thereafter brought this suit praying that defendant be decreed to hold title impressed with a trust for the purposes of the contract, and that she be required to convey legal title to plaintiffs.

The cause was referred to a master, who found that defendant had full knowledge of the contract at the time

title was placed in joint tenancy, and that the notes, given by Henry Brust to his son after payments to the mortgagee were made by the latter, were mere evidences of the amounts so paid under the contract and could not have been legally collectible. He recommended that a decree be entered granting the relief sought by plaintiffs. Defendant's exceptions to this report were overruled and a decree was entered for plaintiffs.

To reverse the decree defendant argues that the contract was intended merely as security for advances by plaintiffs in making payments on the father's mortgage; that this is shown by the fact that notes were delivered by Henry Brust to his son for the amounts of principal payments made by the latter on the mortgage indebtedness and the fact that plaintiffs later offered to surrender the contract on being repaid the amount of such advances with interest; and that the contract should, therefore, be held to be a mortgage or equitable lien which plaintiffs should be required to surrender on being repaid whatever is due to them for the advances. We think this contention cannot be sustained. It is not disputed that an owner may contract to dispose of his property by will in a particular way; that such a contract, when based upon adequate consideration, is enforceable in equity; that the contract in the case at bar is unconditional on its face; and that plaintiffs have performed their obligations thereunder. To sustain the burden of establishing that an instrument absolute in form is in fact a mortgage or other security for a debt, clear and convincing proof to that effect must be made. The evidence here falls far short of this standard. The finding of the master that the notes were given merely as evidence of the amounts paid under the contract finds support in the record. The evidence shows that the son was uncertain as to the legal effect of the contract and wanted the notes to represent the payments made, if it developed that the contract was invalid; that Henry Brust

had his lawyer draw up the contract and will in accordance with his own preferences, and that the notes were intended merely as a substitute for the contract if the latter should prove to be unenforceable. The only other evidence that the contract was not what it purported to be, but was in fact given only for security is the testimony of one witness, disputed by the testimony of plaintiff, that a conversation occurred between the plaintiff son and his mother at or about the time the contract was executed. This witness testified that Maggie Brust then said to plaintiff: "When we get the money to pay you back, we want to pay you back, because we want them all to have an equal share," to which plaintiff replied, "Yes, when you get it, let me know." This conversation, even if tending to show an understanding that the parents should have a right to redeem, cannot be accepted to alter the plain provisions of the written contract.

In determining whether a transaction consummated by a written instrument is unconditional or is merely in the nature of a mortgage, conversations of the parties tending to show a contemporaneous understanding inconsistent with the terms of the instrument cannot be regarded. Some equity must be shown independently both of the instrument itself and of the understanding with which it was executed. (See *Kelly* v. *Lehman*, 297 Ill. 33, 56.) In the case cited we observed, with reference to a deed sought to be given the character of a mortgage: "The right to redeem lands so conveyed cannot be established by simply proving that such was the understanding on which the deed was executed, because equity as well as the law will seek for the understanding of the parties in the deed ·itself. The right must be one paramount to and independent of the terms of the deed as well as of any understanding between the parties at the time it was executed. Parol evidence is admissible so far as it conduces to show the relations between the parties

or to show any other fact or circumstance of a nature to control the deed and to establish such an equity as would give a right of redemption, and no further. In the application of this rule parol evidence is received to establish the fact that a debt existed or that money was loaned on account of which the conveyance was made, for such facts will in a court of equity control the operation of the deed." The conversation testified to in the case at bar disclosed at most a mere verbal understanding that the contract was to terminate when the parents reimbursed their son for whatever payments he would make on the contract prior thereto. Such an understanding, inconsistent with the terms of the contract itself, is not a fact or circumstance capable of giving it the nature of a mortgage.

Moreover, since the character of an instrument as a mortgage is fixed at the time of its delivery, (See *Kelly* v. *Lehman*, 297 Ill. 33, 57,) there must be a valid subsisting obligation, performance of which the instrument was intended to secure. The advances by plaintiffs, for repayment of which the contract was allegedly given as security, were not made until long after the contract was in effect. Thus, there was no independent debt or obligation of Henry Brust and his wife in existence at the time, and no other fact or circumstance was shown that would suffice to control the normal purport of the contract. We conclude that the findings of the master and the decree of the circuit court were clearly correct.

Defendant next contends that the contract is unenforceable because of inadequate consideration. She argues on the basis that the only consideration from plaintiffs was the amount of the "advances" actually made on the principal of the mortgage indebtedness. In this she is mistaken. Under the contract, plaintiffs were required to make all payments on the mortgage principal accruing prior to the deaths of Henry Brust and his wife Maggie.

The date of death of the survivor was, of course, uncertain at that time, and could presumably have extended beyond the maturity of the mortgage. Even if the consideration were as stated by defendant, her argument, which fails even to disclose the value of the property, could not prevail. The law permits a wide latitude in determining what shall constitute sufficient consideration for a contract to devise real estate. (*Scham* v. *Besse*, 397 Ill. 309.) In the case cited, where an owner was about to lose his property unless a loan thereon was refinanced, we held that the promise and act of securing a $1700 loan for him from a third party were sufficient consideration for his promise to devise $5000 worth of real estate. It is clear that no inadequacy of consideration exists in the case at bar.

Defendant finally argues that where the sole purpose for which the contract and will are made no longer exists, the contract may be treated as at an end and the testator is free to revoke the will. She then points out that Henry Brust was later ready and willing to repay the plaintiffs in full, and maintains that this carried out the full purpose of the contract. It is obvious that the rule urged cannot prevail here. Such an application would render contracts of this type subject to rescission at the will of one of the parties thereto and would completely destroy their validity. The purpose of the present contract was not to protect the property until Henry Brust was able to raise the money necessary to reimburse his son for the payments made, but was contained in its provisions which contemplated the plaintiffs continuing to make the payments on principal during the lives of Henry and Maggie Brust.

There is no merit in any of defendant's contentions, and the decree of the circuit court is accordingly affirmed.

*Decree affirmed.*